## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ARCO/MURRAY NAT'L CONSTR.     \*
  CO., INC.,
      **Plaintiff**                  \*

    **v.**                           \*        CIVIL NO.  JKB-16-591

EQUITABLE DEVELOPMENT, LLC,    \*

    **Defendant**              \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM

### I. Background

This case is almost the mirror image of *Equitable Development, LLC v. ARCO/Murray National Construction Co., Inc., et al.*, Civ. No. JKB-16-549 (D. Md.).  That case was filed in the Circuit Court for Baltimore City on January 28, 2016, and timely removed to this Court on February 25, 2016.  (No. 16-549, Notice of Removal ¶ 7, ECF No. 1.)  Therein, Equitable Development, LLC ("Equitable"), sued ARCO/Murray National Construction Company, Incorporated ("ARCO/Murray"), and Travelers Casualty and Surety Company of America ("Travelers") for breach of contract in connection with the renovation, construction, and conversion of the Equitable Building in downtown Baltimore into apartments; ARCO/Murray was the contractor on that project, and Travelers provided payment and performance bonds on the contract.  (No. 16-549, Compl. ¶¶ 1, 4, ECF No. 2.)

The instant case, No. 16-591, was filed on January 29, 2016, in the Circuit Court for Baltimore City (Civil Case Information Report, ECF No. 2-1), and timely removed to this Court on March 1, 2016 (Notice of Removal, ECF No. 1).  In this case, ARCO/Murray sued Equitable in a "Verified Petition to Establish and Enforce Mechanic's Lien," alleging Equitable had not

paid ARCO/Murray all that it was due pursuant to the contract between them and asking the court to establish a mechanic's lien against the Equitable Building property in the amount of $1,164,500, to enter an order requiring Equitable to show cause why a mechanic's lien should not be established, and to grant an order enforcing the lien and directing the sale of the property unless the lien were satisfied.  (Compl. ¶¶ 10, 11, ECF No. 2.)

Now pending before the Court are Equitable's motion to consolidate Numbers 16-549 and 16-591 (ECF No. 4) and Equitable's motion to dismiss the Verified Petition for failure to state a claim for relief (ECF No. 10).  Equitable also filed a companion motion to consolidate in Number 16-549.  (No. 16-549, ECF No. 9.)  The motions have been briefed (No. 16-591, ECF Nos. 8, 13, 15), and no hearing is required, Local Rule 105.6 (D. Md. 2016).  The motion to dismiss will be granted, thereby rendering the two motions to consolidate moot.

## II.  Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to

2

dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### III. Allegations of the Verified Petition

According to the Verified Petition, ARCO/Murray alleges the following:  ARCO/Murray, as general contractor, executed a construction contract with Equitable, as owner of the Equitable Building Property ("Property") to perform construction work and services on or about the Property for the purpose of converting an historic office building into luxury apartments, with retail space on the ground level.  (Compl. ¶ 7.)  Under the parties' contract, Equitable agreed to pay ARCO/Murray $18,274,000.  (*Id.* ¶ 8.)  During the course of the construction project, Equitable requested and directed ARCO/Murray to perform additional work on the Property pursuant to change orders and extra work authorizations; these totaled $2,631,289.  (*Id.* ¶ 9.)  Equitable interfered with ARCO/Murray's progress and denied or limited ARCO/Murray's access, which caused delays to progress in the construction.  (*Id.*)  ARCO/Murray incurred additional general conditions on the project in the amount of $190,500.  (*Id.*)  ARCO/Murray's total costs for changed and extra work and delay costs are $2,821,789.  (*Id.*)  ARCO/Murray incorporated by reference and attached to the Verified Petition copies of approved change orders and pending change orders.  (*Id.* Ex. F.)

The total value of ARCO/Murray's work and services on the Property is $21,095,833. (*Id.* ¶ 10.)  As of January 29, 2016, the date of the filing of the Verified Petition, Equitable had paid ARCO/Murray $19,931,333 for its work under the contract.  (*Id.* ¶ 11.)  The contract balance is $974,000, and the general conditions total $190,500, leaving a principal sum due of $1,164,500.  (*Id.*)  "The total value of the work and services rendered by ARCO/Murray at the Property, combined with the repairs, rebuilding and improvements to the Property and the

building situated thereon performed by ARCO/Murray and its subcontractors exceeds fifteen percent (15%) of the value of the Property, and therefore, pursuant to Md. Real Prop. Code Ann. § 9-102(a), the Property and the building and improvements thereon, including the condominium units and all common elements, are subject to a mechanics' lien." (*Id.* ¶ 14.)  "The work and services performed by ARCO/Murray on the Project began on or about June 18, 2014 and ARCO continues to work on the project." (*Id.* ¶ 15.)

## IV.  Statutory Provisions

Under the Maryland Code, "[e]very building erected and every building repaired, rebuilt, or improved to the extent of 15 percent of its value is subject to establishment of a lien in accordance with this subtitle for the payment of all debts, without regard to the amount, contracted for work done for or about the building and for materials furnished for or about the building . . . ."  Md. Code Ann., Real Prop. § 9-102(a) (LexisNexis 2015).  The statute also sets forth the requisites of a proceeding for a claim to a lien:

> (a) In general. -- In order to establish a lien under this subtitle, a person entitled to a lien shall file proceedings in the circuit court for the county where the land or any part of the land is located within 180 days after the work has been finished or the materials furnished. The proceedings shall be commenced by filing with the clerk, the following:

> (1) A petition to establish the mechanic's lien, which shall set forth at least the following:

> (i) The name and address of the petitioner;

> (ii) The name and address of the owner;

> (iii) The nature or kind of work done or the kind and amount of materials furnished, the time when the work was done or the materials furnished, the name of the person for whom the work was done or to whom the materials were furnished, and the amount or sum claimed to be due, less any credit recognized by the petitioner;

(iv) A description of the land, including a statement whether part of the land is located in another county, and a description adequate to identify the building; and

(v) If the petitioner is a subcontractor, facts showing that the notice required under § 9-104 of this subtitle was properly mailed or served upon the owner, or, if so authorized, posted on the building. If the lien is sought to be established against two or more buildings on separate lots or parcels of land owned by the same person, the lien will be postponed to other mechanics' liens unless the petitioner designates the amount he claims is due him on each building;

(2) An affidavit by the petitioner or some person on his behalf, setting forth facts upon which the petitioner claims he is entitled to the lien in the amount specified; and

(3) Either original or sworn, certified, or photostatic copies of material papers or parts thereof, if any, which constitute the basis of the lien claim, unless the absence thereof is explained in the affidavit.

§ 9-105.


## V. Analysis

Equitable's motion requests the Court to dismiss the Verified Petition for failure to state a claim for relief. Equitable contends the Verified Petition was filed prematurely and it does not comply with the statutory requirements of Maryland's mechanic's lien law. The Court concludes Equitable's argument is meritorious.

The pertinent language is that in § 9-105(a): "A person entitled to a lien shall file proceedings in the circuit court for the county where the land or any part of the land is located *within 180 days after the work has been finished or the materials furnished*." As Equitable points out, ARCO/Murray expressly alleged that, at the time it filed its petition, it was continuing to work on the project. (Compl. ¶ 15.) Thus, the work was not finished when ARCO/Murray sought to claim a lien.

ARCO/Murray's argument in response is that it is only ARCO/Murray's work that must be finished and not the work of all others on the same project, citing *Harrison v. Stouffer*, 65

A.2d 895 (Md. 1949).  In that opinion, the Maryland Court of Appeals stated, "It is plain that the words 'the work has been finished' . . . refer alone to work for which a lien may be taken, and are not to be considered as synonymous with the completion of the building upon which the work was done."  65 A.2d at 897 (interpreting same language in prior version of statute).  This interpretation is consistent with a later statement in *York Roofing, Inc. v. Adcock*, 634 A.2d 39 (1993):  "The 180 day period stated in § 9-105(a) is a time limitation within which the mechanics' lien claimant must file a petition to establish a lien.  . . . [C]laimant may file its petition during the 180 day period, but only so long as the property itself is subject to a lien."  *Id.* at 43.  ARCO/Murray's cited principle directly contradicts its argument.  *Its* work was not finished, and ARCO/Murray's petition was, therefore, not within the statutory time period for filing a claim to a mechanic's lien.

It is noted by the Court that the mechanic's lien statute is not the only avenue available to ARCO/Murray to seek appropriate compensation under the contract.  In § 9-111, it is expressly stated, "Nothing in this subtitle affects the right of any person, to whom any debt is due for work done or material furnished, to maintain any personal action against the owner of the building or any other person liable for the debt."  Indeed, through its assertion of the affirmative defenses of setoff and recoupment in the case of Number 16-549, ARCO/Murray is contesting the validity of Equitable's claims against it by indicating ARCO/Murray is owed money.  Those competing claims can be sorted out in Number 16-549.

Although the prematurity of the petition constitutes a fatal defect, the Court notes another problem with the petition.  Under the statute, in addition to the petition itself, a petitioner must attach to it "[e]ither original or sworn, certified, or photostatic copies of material papers or parts thereof, if any, which constitute the basis of the lien claim, unless the absence thereof is

6

explained in the affidavit." § 9-105(a)(2). Certainly, the change orders executed by both parties can be considered as a basis for the lien claim, but ARCO/Murray's inclusion of unexecuted change orders—which cannot be considered binding upon Equitable in the absence of evidence to the contrary—do not "constitute [a] basis of the lien claim." If one totals the executed change orders, the figure reached is $1,257,011. That added to the contract price of $18,274,000 results in a total of $19,531,011 owed to ARCO/Murray. The petition, however, indicates Equitable has paid $19,931,333 to ARCO/Murray. Although the Court's figures may not be as precise as what the parties may produce in the course of litigation, the fact remains that, on the strength alone of the petition and its accompanying attachments, what is claimed to be owed to ARCO/Murray is quite close to what Equitable has paid. (It actually results in an overage.)

The fact that ARCO/Murray included unapproved change orders to support its claim lends credence to the conclusion that ARCO/Murray's petition was premature. If the work had been finished, then ARCO/Murray could have relied upon executed change orders to prove what it is due. Because the work was not finished, however, ARCO/Murray could not properly support its petition with executed change orders. At the time ARCO/Murray filed its petition, its work was continuing, as were the communications between the parties on work still to be done, and no final accounting had taken place.

## VI. Conclusion

Equitable's motion to dismiss is meritorious and will be granted. The two motions to consolidate will be deemed moot. A separate order will issue.

DATED this 5th day of August, 2016.

BY THE COURT:

7

_____/s/_____
James K. Bredar
United States District Judge